UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN W. H. COX, | Civil No. 06-3021 (PJS/JSM) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| JOAN FABIAN, | |
| Respondent. | |

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 1998, Petitioner was convicted in the state district court for Martin County, Minnesota, on charges of first degree criminal sexual conduct and third degree criminal sexual conduct. He was sentenced to 220 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Faribault, Minnesota.

Following his conviction, Petitioner filed a direct appeal with the Minnesota Court of Appeals, in which he challenged his conviction and sentence on several grounds. In a

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

decision dated June 15, 1999, the Court of Appeals rejected all Petitioner's claims and affirmed his conviction and sentence. State v. Cox, No. C9-98-1568 (Minn.App. 1999), 1999 WL 387280 (unpublished opinion). Petitioner applied to the Minnesota Supreme Court for further review, but that application was denied on August 17, 1999. Thereafter, Petitioner did not initiate any further legal proceedings challenging his conviction or sentence until he filed her present federal habeas corpus petition on July 17, 2006. (See Petition, [Docket No. 1], p. (3), ¶ 10.)

The current petition lists four claims for relief: (1) Petitioner's appellate counsel wrongly informed him that "no federal grounds existed" for challenging his conviction and sentence; (2) Petitioner was deprived of his constitutional right to confront witnesses who testified against him; (3) the trial court wrongly denied Petitioner the opportunity to present certain evidence that allegedly would have supported his defense; and (4) the trial court erroneously ruled that the prosecution would be allowed to present evidence of other crimes committed by Petitioner. (Petition, pp. (5) - (6), ¶ 12.) None of these claims will be addressed on the merits, however, because this action is time-barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

**II. DISCUSSION**

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

2

> **(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any suggestion that Petitioner's claims are based on any newly-recognized and retroactively-applicable constitutional right, or any new evidence that could not have been discovered earlier. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction was finally upheld on direct appeal when the Minnesota Supreme Court denied his request for further review on August 17, 1999.  For purposes of 28 U.S.C. § 2244(d)(1)(A), however, the judgment did not become "final" until

the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999).  Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court.  Sup. Ct. R. 13.1.  Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final, and the one-year habeas statute of limitations began to run, on November 15, 1999 – 90 days after the Minnesota Supreme Court upheld his conviction on direct appeal.  The statute of limitations deadline for seeking federal habeas corpus relief expired one year later, on November 15, 2000.

However, Petitioner did not file his present petition until July 17, 2006, which was nearly seven years after the statute of limitations began to run in this case, and nearly six years after the limitation period expired.  Thus, the Court concludes that the instant petition is clearly time-barred and cannot be entertained at this late date.

The Court has considered the applicability of 28 U.S.C. § 2244(d)(2), which stops the statute of limitations from running while state post-conviction proceedings are pending.  The tolling provisions of § 2244(d)(2) cannot aid Petitioner here, however, because his current petition indicates that he never filed any state post-conviction motion.

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  The Eighth Circuit Court of Appeals has recognized that the habeas corpus statute of limitations is subject to equitable tolling.  Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003).  The Court of Appeals has made it very clear, however, that

such tolling is available only "when <u>extraordinary circumstances</u> beyond a prisoner's control make it <u>impossible</u> to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." <u>Jihad v. Hvass</u>, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" <u>Id</u>. at 806, (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added). Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. <u>Kruetzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert. denied</u>, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not shown the type of extraordinary circumstances that would warrant equitable tolling. He vaguely suggests that he waited nearly seven years before seeking federal habeas review because his appellate counsel allegedly informed him that he did not have any grounds for seeking such review. But again, equitable tolling is not available where an untimely filing allegedly was caused by poor legal advice. <u>See</u> <u>Beery v. Ault</u>, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"), <u>cert</u> <u>denied</u>, 539 U.S. 933 (2003). Thus, the Court finds that Petitioner has not shown the type of "extraordinary circumstances" that would permit the statute of limitations to be equitably tolled. It appears that in this case, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect [his] right to federal habeas review of [his] conviction." 321 F.3d at 772.

Because it plainly appears that the instant petition is time-barred under 28 U.S.C. § 2244(d), it is recommended that this action be summarily dismissed pursuant to Rule 4. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is further recommended that the petition be dismissed with prejudice.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.

Dated: August 16, 2006

    *s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 5, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.